■ SOUYUN LEE, Appellant, v WEI-YEH LEE, Respondent. [26 NYS3d 2]—

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about July 28, 2015, which awarded plaintiff pendente lite child support of $6,519.66 per month, denied her applications for pendente lite maintenance, pendente lite counsel fees, and loan interest and fees, and ordered defendant to contribute 51% towards the younger child's educational expenses and both children's unreimbursed medical, camp, and sports-related expenses, unanimously modified, on the law and the facts, to vacate the award of pendente lite child support and the directive that defendant contribute 51% towards other expenses, vacate the denial of the applications for pendente lite maintenance and counsel fees, and remand the matter for further proceedings in accordance herewith, and otherwise affirmed, without costs.

The basis for the court's imputation of income to plaintiff is unclear (*see Strauss v Saadatmand*, 89 AD3d 415 [1st Dept 2011]). The record does not support the court's conclusion that plaintiff admitted she could pay her undisputed monthly expenses of $27,405 without defendant's financial support, a finding that resulted in the court's imputation to plaintiff of 12 times that amount, $328,860, as income. Plaintiff repeatedly averred that she could not pay her monthly expenses without

assistance from defendant and that, without his assistance, she would have to resort to a loan or to borrowing from the parties' daughter. As plaintiff was not employed, the record suggests that the court imputed income to her based on her earnings from a company she and defendant founded. However, plaintiff said that the company earned no income, that she could not operate it without defendant, and that she was merely a stay-at-home mother. While defendant said that plaintiff still ran the company and earned income from it into 2015 after he left, the court's calculation of plaintiff's income exceeds what even defendant claimed the company earned, and, as indicated, appears to have been driven by the court's finding that plaintiff admitted she could independently meet her expenses.

To the extent the court may have relied on a March 2015 email exchange submitted by defendant, in which plaintiff said that she paid living expenses "for the past few months" out of a corporate account, it may have failed to consider that plaintiff also said that approximately $10,000 was left in that account as of March 2015, and asked how defendant would contribute to those expenses in the future. Defendant himself acknowledged that the company was expected to have little value going forward. Accordingly, the matter must be remanded so that the court can properly consider the parties' respective incomes, or clarify its basis for imputing $328,860 in income to plaintiff.

As the court's denial of maintenance and interim counsel fees appears to be based on the same income determination, on remand, the court should reconsider, and if necessary, calculate those awards. Furthermore, as plaintiff received no maintenance award, and she averred that she can no longer meet her financial obligations without taking a loan or borrowing from the parties' 16-year-old daughter, we find that exigent circumstances warrant relief at this time (*Anonymous v Anonymous*, 63 AD3d 493, 496-497 [1st Dept 2009], *appeal dismissed* 14 NY3d 921 [2010]).

For the same reasons, defendant's pro rata contribution towards the children's educational and other expenses—51%, based on the parties' respective incomes—should be recalculated.

The court properly denied plaintiff's application for repayment of any loan and interest, since plaintiff submitted no proof of any actual loan taken, stating only that she was in the process of applying for a loan. Concur—Mazzarelli, J.P., Moskowitz, Richter and Gische, JJ.